PETER D. NITSCHKE (SBN: 174123)
NITSCHKE LAW GROUP
16520 Bake Parkway
Suite 105
Irvine, CA 92618
Telephone: (949) 872-2060
Facsimile: (949) 872-2061
e-mail: peter@nlglaw.com

Attorneys For Plaintiff
LADELL PRESTON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LADELL PRESTON<br><br>         Plaintiff,<br><br>    vs.<br><br>TOWN OF MAMMOTH LAKES, CALIFORNIA; RUBEN RAMOS, an individual; and DOES 1 through 50, inclusive,<br><br>         Defendants. | **COMPLAINT FOR**<br>1. **ASSUALT AND BATTERY;**<br>2. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>3. **NEGLIGENCE;**<br>4. **NEGLIGENT HIRING, TRAINING AND RETENTION;**<br>5. **VIOLATIONS OF CIVIL RIGHTS [42 U.S.C. Sections 1981 & 1983];**<br>6. **NEGLECT TO PREVENT CIVIL RIGHTS VIOLATIONS [42 U.S.C. § 1985(3) and 42 U.S.C. § 1986]**<br><br>**DEMAND FOR JURY** |

COMES NOW Plaintiff, LADELL PRESTON ("Plaintiff") and alleges as follows:

**INTRODUCTION**

1. This action arises from an act of police brutality and the conspiracy to cover it up.

2. It seeks compensation for the unconstitutional and tortuous conduct of a police officer employed by the TOWN of MAMMOTH LAKES, California Police Department who, without probable cause, assaulted and battered LADELL PRESTON. It also seeks compensation from police supervisors who failed to control subordinates with a history of abusive behavior. Ultimately, Plaintiff seeks redress against Defendants for their deliberate indifference with respect to customs, policies and practices that permitted, condoned, and preserved a "code of

silence" environment in which police officers were insulated from investigation, discipline, and prosecution for brutality and violations of civil rights. The results of these customs, policies, practices, and deliberate indifference was the deprivation of fundamental rights and liberties of LADELL PRESTON as well as physical and emotional injuries to LADELL PRESTON.

## VENUE & JURISDICTION

3.  Venue is proper in this Court because Plaintiff's Federal Constitutional Rights were violated by the TOWN OF MAMMOTH LAKES and its officers/employees. Said violations occurred in Mono County, California, which is in the jurisdiction of this Court. Furthermore, because the Plaintiff alleges violations of Federal rights, the Court has supplemental jurisdiction over the State causes of action because they arise out of the same set of operative facts pursuant to 28 U.S.C. § 1367.

## PARTIES

4.  Plaintiff LADELL PRESTON at all times herein mentioned was, and is, a resident of the County of Los Angeles, State of California.

5.  Plaintiff is informed and believes, and thereon alleges that, defendant, TOWN OF MAMMOTH LAKES, and DOES 1 through 10 inclusively, at all times mentioned herein were public entities, organized and operating pursuant to the laws of the State of California.

6.  In addition to the facts alleged in the following subparagraphs, the following defendant is sued in his individual and official capacities as he acted within the scope of his employment and under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of California and Town of Mammoth Lakes:

   (a)  Defendant RUBEN RAMOS ("Ramos"), was at all times a Town of Mammoth Lakes Police Officer

7.  Plaintiff is unaware of the true names and capacities of those Defendants sued herein as DOE Defendants. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to him. Plaintiff is informed and believes, and thereon alleges that these DOE Defendants are legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said Defendants proximately caused

1  the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional,

2  willful or wanton misconduct in creating and otherwise causing the incidents, conditions and

3  circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious

4  fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend

5  this complaint to set forth said true names and identities of the unknown named DOE Defendants

6  when they are ascertained.

7  8.   Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned,

8  each of the Defendants was the agent and/or employee and/or co-conspirator of each of the

9  remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of

10  such agency, employment and/or conspiracy and with the permission and consent of the other

11  co-defendants.

12  9.   On April 22, 2009 Plaintiff presented to Defendant TOWN OF MAMMOTH LAKES

13  pursuant to California Government Code Section 910, a timely written claim for the injuries and

14  damages sustained by Plaintiff as a result of the incident described in this Complaint. A copy of

15  those claims are attached hereto as **Exhibit "A"** and incorporated herein by this reference.

16  10.   Defendant TOWN OF MAMMOTH LAKES failed to timely respond to Plaintiff's

17  written claim. As such, pursuant to California Government Code, the claim was deemed rejected

18  forty-five (45) days after it was presented.

### FACTS COMMON TO ALL CLAIMS

20  11.   During the early morning hours of October 25, 2008, LADELL PRESTON, a twenty-four

21  year-old African American male, was leaving the Lakanuki Restaurant, located in Mammoth

22  Lakes Village. Plaintiff was casually being escorted out of the Lakanuki Restaurant by

23  restaurant personnel after a verbal exchange between Plaintiff and another restaurant employee.

24  12.   As Plaintiff was leaving the restaurant, he opened the door without assistance.

25  13.   While Plaintiff was still in the entry way of the restaurant, and before he had his hand off

26  of the door, Defendant Ramos spayed Plaintiff with Saber Red Capsicum ("pepper spray").

27  Ramos sprayed the pepper spray directly into Plaintiff's eyes and face. At the time Ramos

28  sprayed Plaintiff with pepper spray, he was less than three (3) feet from Plaintiff.

**NITSCHKE LAW GROUP**
16520 Bake Parkway
Suite 105
Irvine, CA 92618

14.     At no time prior to discharging the pepper spray, did Defendant Ramos identify himself as a police officer.

15.     At no time prior to discharging the pepper spray, did Defendant Ramos provide a warning to Plaintiff.

16.     The use of force against LADELL PRESTON was unjustified.  At no time did he present an imminent threat of harm to the Defendant Officer or to anyone else and he made no aggressive or provocative movement such that a reasonable officer under the circumstances would have believed he was a threat of any injury, great bodily harm or death to anyone including the Defendant police officer.

17.     Plaintiff is informed and believes and thereon alleges that after the senseless assault and battery with pepper spray, a conspiracy ensued between Ramos and other officers and continued through the Town of Mammoth Lakes Police Department and continues to the present day. Plaintiff is informed and believes and thereon alleges, that Ramos and other officers thereafter engaged in a scheme and a conspiracy to conceal the true facts surrounding Plaintiff's wrongful and tragic abuse and to conceal, distort, and obstruct the revelation of the true facts of this incident to other law enforcement personnel and prosecuting agencies.  In pursuit of this conspiracy, said Defendants, and each of them, made false statements regarding their conduct and that of LADELL PRESTON'S conduct during this incident, and committed other overt acts in furtherance of the subject conspiracy.  One overt act in this conspiracy was the presentation of an inaccurate police report.

## FOR THE FIRST CLAIM FOR RELIEF

**(Against All Defendants for Assault and Battery)**

18.     Plaintiff restates and reiterates the foregoing paragraphs of this complaint as if set forth in full at this point.

19.     Defendant Ramos wrongfully pepper sprayed Plaintiff LADELL PRESTON, as alleged above, even though he posed no reasonable or objective threat of violence to Defendants, or to any other person.  At the time of the incident, Defendants did not have probable cause to believe that LADELL PRESTON presented a reasonable threat of harm to the Defendant Officer or

1 anyone else, and the force used by Defendants was unjustified, unreasonable, and excessive. In
2 doing the aforementioned acts, the above-mentioned Defendants, and each of them, were not
3 privileged, and there is no statutory or judicially created privilege attaching to any of these
4 Defendants so as to exempt them from tortuous liability for the above-described actions.

5 20.     The conduct herein alleged was wrongful and done intentionally and with deliberate
6 indifference to the rights of LADELL PRESTON.

7 21.     As a proximate result of the above-mentioned conduct of Defendants, and each of them,
8 LADELL PRESTON suffered extreme pain and severe mental anguish, as well as mental and
9 physical damage and injury to his mind and body.

10 22.    The above acts of the Defendants, and each of them, were outrageous, intentional and
11 malicious, and done for the purpose of causing Plaintiff to suffer injury, humiliation, mental
12 anguish and emotional and physical distress. The conduct of the above mentioned Defendants,
13 and each of them, in confirming and ratifying this conduct was done with knowledge that the
14 Plaintiff's physical and emotional distress would thereby increase, and was done with a wanton
15 and reckless disregard of the consequences to the Plaintiff, entitling Plaintiff to exemplary
16 damages in an amount according to proof at trial. In doing the aforementioned acts, the above-
17 mentioned Defendants, and each of them, were not privileged and there is no statutory or
18 judicially created privilege attaching to any of these Defendants so as to exempt them from
19 tortuous liability for the above-described actions.

20 23.    The aforementioned acts of Defendants, and each of them, were willful, wanton,
21 malicious and oppressive, and justify the awarding of exemplary and punitive damages as against
22 the individual Defendants herein.

### FOR THE SECOND CLAIM FOR RELIEF

**(Against All Defendants for Intentional Infliction of Emotional Distress)**

25 24.    Plaintiff restates and reiterates the foregoing paragraphs of this complaint as if set forth in
26 full at this point.

27 25.    The above acts of the Defendants, and each of them, were outrageous, intentional and
28 malicious, and done for the purpose of causing Plaintiff to suffer injury, humiliation, mental

1  anguish and emotional and physical distress.  The conduct of the above-mentioned Defendants,
2  and each of them, in confirming and ratifying this conduct was done with knowledge that the
3  Plaintiff's physical and emotional distress would thereby increase, and was done with a wanton
4  and reckless disregard of the consequences to the Plaintiff, entitling Plaintiff to exemplary
5  damages in an amount according to proof at trial.  In doing the acts, the above-mentioned
6  Defendants, and each of them, were not privileged and there is no statutory or judicially created
7  privilege attaching to any of these Defendants so as to exempt them from tortuous liability for
8  the above-described actions.

9  26.     As a result of the above-mentioned conduct of Defendants, and each of them, Plaintiff
10  suffered extreme pain and severe mental anguish, as well as mental and physical damage and
11  injury to his mind and body, and sustained the above-noted injuries and was required to employ
12  and did employ physicians, therapists and surgeons to examine, treat and care for him, and
13  incurred additional medical expenses for emergency treatment, hospital bills, and other
14  incidental medical expenses in an amount according to proof at trial.

## FOR THE THIRD CLAIM FOR RELIEF

**(Against All Defendants for Negligence)**

17  27.     Plaintiff restates and reiterates the foregoing paragraphs of this complaint as if set forth in
18  full at this point.

19  28.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them,
20  failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions
21  and inactions which include, but are not limited to, negligently investigating the circumstances
22  under which LADELL PRESTON was present and what he was doing at the location where he
23  was pepper sprayed, negligently assessing the circumstances presented at that time, negligently
24  assessing the need to use excessive force against him, negligently using excessive force against
25  him without probable cause or a reasonable suspicion to believe that the same was necessary, or
26  that Plaintiff had committed a crime, or that he would commit a crime in the future, negligently
27  failing to determine that Plaintiff was unarmed when he was sprayed with pepper spray,
28  negligently failing to determine the fact that Plaintiff posed no reasonable threat of physical harm

NITSCHKE LAW GROUP
16520 Bake Parkway
Suite 105
Irvine, CA 92618

-6-
COMPLAINT

to any person when he was sprayed with pepper spray, and negligently delaying medical aid to Plaintiff after he was sprayed with pepper spray. All of these negligent acts proximately caused LADELL PRESTON'S injuries on or about October 25, 2008.

29. As a result of the above-mentioned conduct of Defendants, and each of them, Plaintiff suffered extreme pain and severe mental anguish, as well as mental and physical damage and injury to his mind and body.

## FOR THE FOURTH CLAIM FOR RELIF

**(Against Defendant Town of Mammoth Lakes and Does 1 through 10, inclusively for Negligent Hiring, Training and Retention)**

30. Plaintiff restates and reiterates the foregoing paragraphs of this complaint as if set forth in full at this point.

31. Plaintiff is informed and believes, and thereon alleges, that on or before October 24, 2008, the TOWN OF MAMMOTH LAKES negligently hired, trained, employed and/or managed Ramos, in that the TOWN OF MAMMOTH LAKES knew, or in the exercise of reasonable diligence, should have known that this officer was a dangerous and violent employee, prone to use pepper spray without reasonable justification, and in a manner that demonstrates a callous disregard for the rights and safety of civilian citizens, and assault and batter persons and/or use unnecessary, unreasonable, deadly, and/or unlawful physical force without reasonable justification, and prone to conspire with other officers to obfuscate official investigatory activities, and prone to falsify, distort, and/or cover up the circumstances of their misconduct.

32. As a proximate result of the negligent hiring, training and retention of Defendant Ramos, LADELL PRESTON was wrongfully sprayed with pepper spray by Ramos and sustained significant physical and emotional injuries on October 25, 2008.

33. As a result of the above-mentioned conduct of Defendants and each of them, Decedent suffered extreme pain and severe mental anguish, as well as mental and physical damage and injury to his mind and body.

///

///

# FOR THE FIFTH CLAIM FOR RELIEF

**(Against All Defendants For Violations of Civil Rights [42 U.S.C. Sections 1981 & 1983])**

## COUNT 1 OF THE FIFTH CLAIM FOR RELIEF
## BASED ON VIOLATION OF PLAINTIFF'S
## CONSTITUTIONAL RIGHTS

34. Plaintiff restates and reiterates the foregoing Paragraphs of this complaint as if set forth n full at this point.

35. This cause of action is to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege and immunity secured to LADELL PRESTON by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the Constitution and laws of the State of California.

36. Plaintiff, LADELL PRESTON brings this cause of action to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of rights, privileges, and immunities secured to Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the Constitution and laws of the State of California.

37. At all times herein mentioned, the defendant, TOWN OF MAMMOTH LAKES, employed the individual Defendant herein and in particular, Officer RUBEN RAMOS. Said Defendant provided its individual Defendant employee and agent with official badges and identification cards which designated and described the bearers as employees of the TOWN OF MAMMOTH LAKES.

38. During all times herein mentioned, the Defendants, and each of them, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customs and usages of the Town of Mammoth Lakes, State of California. Each of the Defendants here, separately and in concert deprived LADELL PRESTON of the rights, privileges and immunities secured to him by the First, Fourth, Fifth and

NITSCHKE LAW GROUP
16520 Bake Parkway
Suite 105
Irvine, CA 92618

Fourteenth Amendments to the United States Constitution and the laws of the United States and the Constitution and laws of the State of California.

39. Plaintiff is informed and believes, and thereon alleges that on or about October 25, 2008, Defendants assaulted, battered, and pepper sprayed LADELL PRESTON as previously described, all of which constituted excessive, unjustifiable, and unreasonable force in violation of his constitutional right to be free from unreasonable force, in violation of his constitutional right to be free from unreasonable searches and seizures, and his due process rights to be free from arbitrary-deprivations of life, liberty, property or the pursuit of happiness. The above alleged conduct was done with deliberate indifference and/or intentionally by the Defendants.

40. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, thereafter willfully and intentionally undertook to protect their fellow officers involved in the assault from civil and criminal liability by falsifying, distorting and covering up the true facts of LADELL PRESTON'S assault in violation of Plaintiff's constitutional rights. These facts include but are not limited to:

(a) The altering of evidence at the scene of the assault and battery use of pepper spray;

(b) Giving false statements regarding the circumstances of the assault and battery and use of pepper spray and intentionally and willfully refraining from collecting and recording other evidence at or near the scene of the incident; and refusing to reveal and turn over evidence, including but not limited to witness statements and/or testimony, which would show that LADELL PRESTON had not committed any wrong justifying the actions of the above-mentioned defendants;

(c) Misleading civilian and police witnesses;

(d) Failing to locate and identify any civilian witnesses to the incident;

(e) Permitting and encouraging officers involved in misconduct to conspire together before giving official statements regarding the circumstances of their conduct.

41. By so doing, Defendants have intentionally interfered with Plaintiff's right of meaningful access to courts, protected by the United States Constitution.

42.     Plaintiff is informed and believes and thereon alleges that the facts alleged above are part of the customs, practices, policies and decisions of Defendant TOWN OF MAMMOTH LAKES, which include, but are not limited to, the following:

(a)     Using grossly excessive force on citizens;

(b)     Falsifying, distorting, and/or covering up the criminal and/or wrongful activities of fellow law enforcement officers by false reporting, false investigating, perjury and dishonesty, in violation of the rights and privileges of Plaintiff and other civilian citizens;

(c)     Inadequately and/or fraudulently investigating allegations of misconduct by fellow law enforcement officers, including the use of excessive force in order to cover up and protect fellow officers from disciplinary, criminal and civil actions in violation of Plaintiff and other citizens' rights and privileges to meaningful access to the courts as provided by the United States Constitution;

(d)     Refusing to supervise, reprimand, and/or discipline law enforcement officers who engage in misconduct contrary to the laws, rules and regulations, thus condoning the use of excessive force and the conducting of unlawful searches and seizures by officers, deputies and agents;

(e)     Intimidating, ostracizing and threatening citizens and other law enforcement officers who report acts of police misconduct;

(f)     Refusing to undertake discovery of fellow law enforcement officers' misconduct or inadequately and impartially investigating the same;

(g)     Failing to enforce the laws, rules, regulations and procedures when an investigation is conducted of a fellow law enforcement officer, and thereby denying Plaintiff and similarly situated citizens equal protection of the laws and meaningful access to the courts as provided by the United States Constitution;

(h)     Inadequately training and supervising employees of the governmental entity, Defendants herein, with respect to the apprehension of suspects, the existence of probable cause, the proper use of force, and the investigation of police misconduct;

     (i)     Choosing a policy which fails to implement procedures and policies to ensure that law enforcement officers impartially investigate police misconduct, including criminal misconduct, on the part of its officers, deputies and agents;

     (j)     Tacitly approving of law enforcement officers using the power and position to interfere with civilian citizens' rights, including the right to be free from unreasonable searches and seizures, the right to be free from arbitrary governmental intrusions into their family unit, their right to enjoy security in the persons, houses, papers and effects against unreasonable searches and seizures and not to be arrested and/or subject to excessive force without reasonable justification and probable cause;

     (k)     Condoning racist attitudes and conduct motivated by racial animus within the Mammoth Lakes Police Department against African Americans with respect to the use of police authority, and in particular, the use of force and deadly force resulting in more force being used against African Americans than other similarly situated citizens and resulting in the violation of their Constitutional rights;

43.     The above acts or omissions of the Defendants were undertaken while under color of State law and resulted in the violation of LADELL PRESTON'S constitutional rights, as stated herein. Likewise, the customs, practices, policies, and decisions of the TOWN OF MAMMOTH LAKES alleged herein and as applied to LADELL PRESTON, resulted in violation of LADELL PRESTON'S constitutional rights.

44.     The above acts, omissions, customs, practices and/or decisions of the TOWN OF MAMMOTH LAKES, while carried out under color of law, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power, shocks the conscience, are fundamentally unfair, arbitrary, and oppressive and unrelated to any activity in which governmental officers may appropriately and legally undertake in the course of protecting persons or property, or ensuring civil order. The above acts, omissions, decisions, customs, practices or policies were consciously chosen from among various alternatives.

45.     Despite the fact that the TOWN OF MAMMOTH LAKES knew or should have known that these acts, omissions, decisions, practices, customs and policies, both formal and informal,

were being carried out by its agents and employees, Defendant TOWN OF MAMMOTH LAKES has taken no steps or efforts to order a halt to this course of conduct, to make redress to this Plaintiff or other civilian citizens injured thereby, and has failed to take any disciplinary action whatsoever against any of its employees or agents. As such, Defendant TOWN OF MAMMOTH LAKES has ratified the wrongful conduct and custom resulting in violations of Plaintiff's civil rights.

46.     Plaintiff has a substantive right to access to courts as protected by the First Amendment right to petition. Plaintiff has a right to present to the judiciary allegations concerning violations of fundamental constitutional rights as protected by the Due Process Clause of the Fifth and Fourteenth Amendment without interference from governmental authorities. Plaintiff has a liberty interest to life and liberty and the right not to be deprived of liberty or property without due process of law. Plaintiff has the right to be free from unreasonable searches and seizures, the right to be free from punishment absent criminal conviction, and the right to be free from the use of unreasonable and excessive force. All of these rights and privileges are secured to Plaintiff by the provisions of the First Amendment, Fourth Amendment and the Due Process clause of the Fifth and Fourteenth Amendment.

47.     Defendants, and each of them, acted in concert and without authorization of law and each of the individual Defendants, separately and in concert, acted willfully, knowingly, with reckless disregard and callous indifference, and purposefully with the intent to deprive Plaintiff of his rights and privileges, and did in fact violate the aforementioned rights and privileges in an amount to be proven at time of trial of this matter.

48.     As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the defendants, and each of them, Plaintiff has suffered great mental and physical pain, suffering and anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, all to his damage in a sum to be determined at trial. Plaintiff has been greatly humiliated and held up to public scorn and derision as a result of the foregoing acts of the Defendants. Additionally, Plaintiff has been forced to incur substantial

1   amounts for attorneys' fees, investigation expenses and other expenses in the vindication of his

2   constitutional rights.

3   49.     Plaintiff is entitled to and hereby demands costs, attorney's fees and expenses pursuant to

4   42 U.S.C. Section 1988.

## COUNT 2 OF THE FIFTH CLAIM FOR RELIEF
## BASED ON CONSPIRACY TO VIOLATE
## PLAINTIFF'S CONSTITUTIONAL RIGHTS

9   50.     Plaintiff restates and reiterates the foregoing paragraphs of this complaint as if set forth in full at this point.

11  51.     This claim is to redress the deprivation under the color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege and immunity secured to Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution by virtue of the conduct of Defendants, and each of them, and their conspiracy to violate Plaintiff's rights and privileges to the above-mentioned constitutional provisions.

16  52.     Defendants, and each of them, while clothed with authority as law enforcement officers and other governmental employees and agents and acting under color of law, conspired to violate Plaintiff's civil rights, as fully set forth above. The above-mentioned Defendants agreed, through their actions and/or inactions and acquiescence, to use their power and position to violate LADELL PRESTON'S constitutional rights by unreasonably and without justification assaulting, battering and using excessive force against LADELL PRESTON when he did nothing to warrant such conduct, and by falsifying, distorting, and/or covering up facts with respect to the nature and extent of their involvement in the use of excessive force against LADELL PRESTON, covering up the fact that they, and each of them, intentionally and/or with deliberate indifference caused significant physical and emotional injury to LADELL PRESTON. Defendants, and each of them, have conspired to prevent or prejudice the Plaintiff's rights to redress in the courts and other rights and privileges as more fully described in the First Count of the Fifth Claim for Relief.

**NITSCHKE LAW GROUP**
16520 Bake Parkway
Suite 105
Irvine, CA 92618

53.     The above-mentioned Defendants, and each of them, overtly acted in furtherance of this Conspiracy by undertaking the acts stated above.

54.     The above-mentioned Defendants, and each of them, consciously, intentionally, willfully and deliberately conspired and continue to conspire and agree among themselves to damage Plaintiff by consciously, intentionally, willfully and deliberately destroying, altering, fabricating and/or failing to note and/or record evidence, in furtherance of the conspiracy to violate Plaintiff's civil rights. Moreover, Defendants agreed and conspired to implement one or more of the policies and practices stated above resulting in violations of Plaintiff's Constitutional rights.

55.     Defendants, and each of them, furthered the conspiracy in such a fashion that the Conspiracy became an informal and/or formal decision, practice or policy of the TOWN OF MAMMOTH LAKES, which included the covering up of criminal and other police misconduct including the use of excessive force by its officers.  This conspiracy predates, existed at the time of LADELL PRESTON'S assault and continues to the present date.

## FOR THE SIXTH CLAIM FOR RELIEF

**(Against all Defendants for Violations of 42 U.S.C. § 1985(3) and 42 U.S.C. § 1986 for Neglect to Prevent Civil Rights Violations)**

56.     Plaintiff restates and reiterates the foregoing Paragraphs of this complaint as if set forth in full at this point.

57.     On information and belief, the individual named Defendant and Doe defendants had knowledge that the constitutional violations alleged herein were about to be committed, that they had the authority, ability and opportunity to prevent these violations but nevertheless intentionally and/or with deliberate indifference failed to prevent such violations proximately resulting in the unreasonable assault of LADELL PRESTON.  Additionally, said Defendants knew that a cover up, and 42 U.S.C. 1985(3) conspiracy to cover up police brutality in general, and the brutality visited upon LADELL PRESTON in particular, were in progress, had the effect of condoning and encouraging such brutality, and such individuals had the power to prevent or aid in preventing the cover-up and conspiracy from continuing, and neglected or refused to do so.

58. With reasonable diligence, Defendants could have promptly reported the brutality to superiors. Their failure to so report contributed to damages suffered by LADELL PRESTON.

**WHEREFORE** Plaintiff prays for judgment against Defendants as follows:

1. For general damages in an amount to be determined according to proof at trial;
2. For medical and related expenses according to proof at trial;
3. For costs of suit incurred herein;
4. For punitive damages against the individual defendants in an amount to be determined according to proof at trial;
5. For attorneys' fees, investigation fees, and expert witness fees incurred herein; and
6. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  October 22, 2009

**NITSCHKE LAW GROUP**
PETER D. NITSCHKE

By:   s/Peter D. Nitschke
Peter D. Nitschke,
Attorneys for Plaintiff,
LADELL PRESTON